CASE No. 933.

FELL v. DIAL.

1. Where one endorsed a promissory note, and after its maturity, with knowledge that there had been no demand for payment, nor notice of non-payment, made arrangements with the endorsee to furnish a steam boiler in part payment, and also promised to pay every cent of the money—*Held,* that these were admissions of liability, and a waiver of presentment and notice.

2. A promise by the endorser under like circumstances to give a new note for the amount claimed, would also be an admission and waiver, although he afterwards refused to give the new note.

3. *Schmidt* v. *Radcliffe,* 4 *Strob.* 296, approved.

4. The question for the jury in such case is not what the endorser intended by his words, but whether what was said amounted to a plain admission of liability.

5. The Circuit judge properly refused to charge the jury upon the effect of an act, as to which there had been no testimony in the case.

6. The Circuit judge properly refused to charge the jury, that if they believed from the evidence that D. agreed to renew the note past due, he being endorser thereon, and the note was not renewed, that this was not a new promise to pay the said note.

7. The original note and not the new promise, constituted the cause of action; and hence the new promise was not *nudum pactum,* nor within the statute of frauds.

Before WALLACE, J., Richland, July, 1879.

This was an action commenced in February, 1879, by William J. Fell, endorsee, against the endorsers of a promissory note for $835, made by Richard Tozer, payable to the order of George L. Dial, and endorsed by George L. Dial and John C. Dial.

The note was not presented at maturity for payment, nor was notice of non-payment given to the endorsers. The plaintiff claimed that these requisites to charge the endorsers were waived by the admissions and promises made by the endorsers after the maturity of the note. There was testimony on both sides upon these points, but enough is stated in the opinion to make clear the rulings of the court.

The defendants requested his Honor to charge as follows :

1. If the jury believe, from the evidence, that George L. Dial did not intend, from what passed between the plaintiff Fell and George L. Dial, to assume the responsibility of paying this note after maturity, then he is not liable as endorser thereon, and the jury must find a verdict for the defendant. His Honor charged the jury that they were to consider what Dial said.

2. If the jury believe, from the evidence, that an offer of waiver was made by George L. Dial in offering to allow the boiler in question to be credited on the note, and the said offer was not carried out by accepting the boiler and crediting its value on said note, that then they must find a verdict for the said defendant, George L. Dial. His Honor held that this was not involved in the case.

3. That if the jury believe, from the evidence, that John C Dial agreed to renew the note · past due, he being endorser thereon, and the note was not renewed, that this was not a new promise to pay the said note, and the jury must find a verdict for the defendant, John C. Dial. This request was refused.

4. That no verbal promise to pay the said note, made by a discharged endorser, could, under the law of South Carolina, renew the said note, or make the said endorser again liable thereon. This request was refused.

His Honor, after stating the facts to the jury, announced the law as stated in *Schmidt* v. *Radcliffe,* 4 *Strob.* 296. To this

charge and the refusals to charge the defendants excepted ; and verdict and judgment being for plaintiff, defendants appealed to this court.

*Mr. John Bauskett*, for appellant.

*Mr. Andrew Crawford*, contra.

October 16th, 1880.   The opinion of the court was delivered by

McIVER, A. J.   This was an action against the defendants as endorsers of a promissory note.   The defence was that there was no demand on the maker and no notice of non-payment given to the endorsers.   To this it was replied that the defendants had waived such demand and notice.   There was evidence tending to show that one of the defendants, after knowledge of the fact that there had been no demand or notice, made an arrangement with the plaintiff for the payment of the note, by agreeing to furnish the plaintiff with a boiler for a steam engine, and, in addition to this, by promising to pay the plaintiff " every cent of his money ;" and that the other defendant had agreed to renew the note.   The testimony as to what both of the defendants had agreed to do, was conflicting ; but we must assume that the jury, by their verdict, have settled this conflict in favor of the plaintiff.   The only question, therefore, for us to determine is, whether the jury were properly instructed as to the law.   Exactly what the Circuit judge charged the jury the " case " does not inform us, as the only statement of the charge is, that " the court, after stating the facts to the jury, announced the law as stated in *Schmidt* v. *Radcliffe,* 4 *Strob.* 296, to which defendant excepted." We do not see how such an exception can be sustained.   The law, as laid down in the case cited, was certainly applicable to the facts of this case, and we see no reason for dissatisfaction with the rule, as there announced.   There, as here, the question was, whether the endorser had waived the necessity for demand and notice, and O'Neall, J., in delivering the opinion of the court, says that the rule laid down by Story, in his Treatise on Bills, " that a promise by the party entitled to notice to pay the bill, is deemed a full and complete waiver of the want of due

notice, seems now to be settled law. It is, however, subject to the qualification stated in the same section, 'in all cases of this sort the promise must be unequivocal and amount to an admission of the right of the holder, or the act done must be of a nature clearly importing a like admission of his right.' " In that case there had been no demand on the drawer and no notice to the endorser, and when the endorser was called on for payment, he said " he would see Cramer " [the maker of the note] " and try to get the money out of him, and if he could not he would have to pay it himself, as he was the endorser on the note;" and the court said " this was a plain admission of his liability and the plaintiff's right to receive the money from him." So here we think the conduct and language of the defendants amounted to a plain admission of their liability, and they cannot now dispute it upon the ground of the absence of proof that would otherwise have been necessary to fix their liability.

It is contended, however, that there was error in refusing sundry requests to charge which are set out in the "case," and need not be quoted here. In response to the first request, that if the jury believed, from the evidence, that George L. Dial did not intend to assume the responsibility of paying the note, then he would not be liable as endorser, the Circuit judge properly instructed the jury that they were to consider what Dial said. It was possible, though we do not mean to intimate that such was the fact in the present case, that Dial may have intended to deceive or mislead the plaintiff in the belief that he would pay the note, when, in his own mind, he had no such real intention, and hence the jury were properly instructed that the questions for them to consider was what Dial said, and whether it amounted to " plain admission of his liability," and not what may have been his hidden intention.

The second request was properly refused, as not called for by any testimony in the case, as there was no pretence that the plaintiff had ever declined to accept the boiler and credit its value on the note.

The third request, that a promise to renew the note did not amount to admission of liability, was properly refused. It certainly amounted to a promise to take up the note in suit by

giving another, and that certainly was just as much an admission of liability as a promise to take up the note by paying it in money or giving a draft on a factor would be.

The fourth request seems, from the argument, to be based upon two grounds. *First.* That a promise by an endorser to pay a note from which he had been discharged by a failure to make due presentment and notice, is *nudum pactum,* and therefore void. *Second.* That such a promise, unless in writing, is void under the statute of frauds, as being the promise to pay the debt of another. Neither of these grounds are tenable, for they both rest upon the unfounded assumption that it is the new promise, and not the original note, which is the cause of action. The new promise does not constitute the cause of action ; it only operates as a waiver of the necessity of proving facts—demand and notice—which, but for such promise, would be necessary to sustain an action on the original note, which is the real cause of action, and the contract evidenced by the note cannot be said to be *nudum pactum,* nor is it within the statute of frauds. In support of these views, see 2 *Daniel on Neg. Inst.,* § 1147, and 1 *Ib.,* § 567, *n.* 5.

The judgment of the Circuit Court is affirmed.

McGOWAN, A. J., concurred.